IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BERNARD HUBBARD                                                                    PETITIONER

VS.                                                          CIVIL ACTION NO. 3:17cv53CWR-FKB

SUPERINTENDENT
JACQUELYN BANKS, et al.,                                                        RESPONDENTS

## REPORT AND RECOMMENDATION

This is an action for a writ of federal habeas corpus pursuant to 28 U.S.C. § 2254 filed by Bernard Hubbard.  Presently before the Court is Respondent's motion to dismiss the petition for failure to exhaust state remedies.  Hubbard has failed to respond to the motion.  Having considered the motion, the undersigned recommends that it be granted and that the petition be dismissed unless Hubbard amends his petition to omit his unexhausted claims.

Hubbard was convicted of sexual battery and gratification of lust in the Circuit Court of the First Judicial District of Hinds County, Mississippi and was sentenced to consecutive terms of 15 years.  He appealed his convictions and sentences to the Mississippi Supreme Court, raising three issues:

    Issue One:    The trial court erred in denying his motion to exclude testimony regarding prior bad acts.

    Issue Two:    The trial court erred in denying his motion for a directed verdict and his motion for judgment notwithstanding the verdict, or in the alternative for a new trial, based upon insufficiency of the evidence.

    Issue Three:  The trial court erred in denying his motion for judgment notwithstanding the verdict, or in the alternative for a new trial, where the verdict was against the weight of the evidence.

.

Hubbard's case was assigned to the Mississippi Court of Appeals, which affirmed his convictions and sentences. *Hubbard v. State*, 176 So. 3d 1181 (Miss. Ct. App. 2015). Hubbard's request for discretionary review by the Mississippi Supreme Court was denied. Hubbard has not sought post-conviction collateral review in state court.

In his § 2254 petition, Hubbard raises the three issues raised in his direct appeal (grounds one through three) and a new issue entitled "newly presented evidence" (ground four). Included in ground four are allegations that he has new biological evidence that supports his innocence, that his sentences are illegal, that he was wrongfully denied an expert witness, and that the trial court erred in allowing Sharon L. Hubbard to testify against him.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claims set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner and the state court has been given a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Hubbard has not met the exhaustion requirement for ground four because he has not yet presented these claims to the Mississippi Supreme Court in a procedurally proper manner. Thus, Hubbard's petition is a "mixed petition," *i.e.*, containing both exhausted and unexhausted claims, and as such, it must be dismissed, unless he amends his petition to remove his unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982).

Accordingly, the undersigned recommends that Hubbard be given 14 days in which to file an amended petition that includes only grounds one through three. Should Hubbard fail to amend within the required time period, the undersigned recommends that the entire petition be dismissed for failure to exhaust his administrative remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of May, 2018.

s/ F. Keith Ball  
United States Magistrate Judge